JSS
JS 44 (Rev 06/17)                                    CIVIL COVER SHEET                                    19-cv-486

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TOMAS RIVERA

**(b)** County of Residence of First Listed Plaintiff  **Chester County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick Timoney, Devine Timoney Law Group, 600 W. Germantown Pike Suite 400, Plymouth Meeting, PA 19462

## DEFENDANTS
DIVERSIFIED MACHINE SYSTEMS INC          19-486

County of Residence of First Listed Defendant  **El Paso County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1332
Brief description of cause:
Product Liability - Defective Machinery

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 20,000,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

FEB -1 2019

DATE: 01/29/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG JUDGE



**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Tomas Rivera, 10 Karen Drive, Malvern, PA 19355

Address of Defendant: Diversified Machine Systems, Inc. 1068 Elkton Dr., Colorado Springs, CO 80907

Place of Accident, Incident or Transaction: McClarin Plastics, 15 Industrial Dr., Hanover, PA 17331

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/29/2019    _____    67020
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☑ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Patrick C. Timoney, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 01/29/2019    _____    67020
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2012)

FEB -1 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMAS RIVERA<br>10 KAREN DRIVE<br>MALVERN, PA 19355<br>    Plaintiff<br>v.<br><br>DIVERSIFIED MACHINE SYSTEMS INC<br>1068 ELKTON DRIVE<br>COLORADO SPRINGS, CO 80907<br>    Defendant | CASE NO.: 19 486<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>FEB 01 2019<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk<br><br>**COMPLAINT** |

Plaintiff, Tomas Rivera, by and through undersigned counsel, hereby demands judgment against the above-named Defendants, and states as follows by way of complaint:

## PARTIES

1. Plaintiff, Tomas Rivera, is a citizen of the Commonwealth of Pennsylvania, residing at 10 Karen Drive, Malvern, PA 19355.

2. At all times relevant hereto, Tomas Rivera was employed by McClarin Plastics LLC., located at 15 Industrial Drive, Hanover, PA 17331.

3. Defendant Diversified Machine Systems Inc. (hereinafter "DMS") is a corporation organized and existing under the laws of the State of Colorado with a principal place of business at 1068 Elkton Drive, Colorado Springs, CO 80907.

4. DMS designs, manufactures, and sells three axis and five axis CNC routers and machining centers which it offers for sale and/or distributes throughout the United States, including to businesses located in the Commonwealth of Pennsylvania.

5. DMS is the successor corporation to a Texas Corporation with the same name, Diversified Machine Systems Inc., (hereinafter "DMS Texas") located in Gainesville, Texas.

6. On or about December 27, 2007, DMS Texas was merged into DMS.

7. DMS, formerly DMS Texas, is the successor in interest to Motionmaster Inc, a California Corporation that was dissolved on or about December 12, 2006.

8. At or about the time of its dissolution in 2006, substantially all of the assets, business operations and employees of Motionmaster Inc. were transferred to DMS Texas and were subsequently transferred from DMS Texas to DMS in of about December of 2007.

9. At or about the time of its dissolution in 2006, the website and customer lists of Motionmaster Inc. were transferred to DMS Texas, and Subsequently from DMS Texas to DMS.

10. At of about the time of its dissolution in 2006 the product lines previously manufactured and/or sold by Motionmaster Inc. were transferred to DMS Texas and subsequently to DMS.

11. From that time that Motionmaster Inc. ceased business operations through to the present, DMS Texas and then DMS have and continue to actively maintain and operate the Motionmaster webpage at the web address "motionmaster.com."

12. From that time that Motionmaster Inc. ceased business operations through to the present, DMS Texas and then DMS have represented and continue to represent to former Motionmaster Inc. customers and to the public that it is "the official service provider for Motionmaser machines."

13. DMS, by and through it employees has represented to Motiomaster machine owners and to potential customers that the DMS product line is the successor to the Motionmaster Inc. product line.

14. Motionmaster Inc. designed, manufactured and sold the subject 5 axis single table CNC machine (hereinafter "the CNC") that caused injuries to the Plaintiff, Tomas Rivera with the intention that the CNC would be used in Pennsylvania by companies located in Pennsylvania.

## JURISDICTION AND VENUE

15. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

16. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the Eastern District of Pennsylvania is a where defendant DMS is subject to personal jurisdiction.

## FACTS

17. On April 23, 2013, at the request of his employer, McClarin Plastics LLC, (hereinafter "McClarin") Tomas Rivera was the assigned operator of the CNC machine at the McClarin plant located at 15 Industrial Drive, Hanover, PA 17331.

18. At the time of the incident, Tomas Rivera was standing in close proximity to the CNC when suddenly and unexpectedly he was struck in the head by the rotating bit on the head of the CNC.

19. As a result of the foregoing incident, Tomas Rivera sustained severe and permanent injuries, including but not limited to a holohemispheric subdural hematoma, left skull fracture with midline shift and penetrating traumatic brain injury.

20. As a result of the foregoing incident, Tomas Rivera has incurred medical bills in excess of $500,000 and Tomas Rivera and will continue to incur additional medical bills for the foreseeable future.

21. As a result of the foregoing incident, Tomas Rivera is disabled from work, has sustained lost wages and a loss of future earning capacity.

22. As a result of the foregoing incident, Tomas Rivera has endured extreme pain, mental anguish, suffering and humiliation and will likely continue to experience pain, suffering, mental anguish and humiliation in the future.

23. As a result of the foregoing incident, Tomas Rivera has suffered memory and speech deficits which are likely to be permanent.

24. As a result of the foregoing incident, Tomas Rivera has suffered permanent scarring on his head.

25. As a result of the foregoing incident, Tomas Rivera has suffered a loss of life's enjoyment and a loss of the ability to live independently and he will continue to suffer loss of life's enjoyment and will require assistance in completing basic activities of daily living for the foreseeable future.

## COUNT I – NEGLIGENCE
## TOMAS RIVERA V. DIVERSIFIED MACHINE SYSTEMS INC.

26. Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

27. The incident described above was caused solely by the negligent and careless acts of DMS, including, but not limited to the following:

   a. failing to design, manufacture and/or sell the CNC in a manner that would allow it to be operated safely during its normal and/or anticipated use and operation;

   b. designing, manufacturing and/or selling the CNC without any barrier or sensor to prevent the machine from operating when a person is within reach of the point of operation;

c. designing, manufacturing and/or selling the CNC without warnings and instructions concerning how to safely set up and run the machine to prevent the CNC from operating when a person is in close proximity to the point of operation;

d. designing manufacturing and/or selling the CNC without warnings and instructions concerning the size and shape and location of the zone of danger wherein an operator may be exposed to hazardous and life-threatening conditions posed by automatically functioning moving mechanical parts and that measures must be taken to prevent the machine from running when an individual is in the danger zone;

e. designing manufacturing and/or selling the CNC without warnings and instructions that the CNC lacked available safeguards to prevent the CNC from operating when a person is in close proximity to the CNC point of operation;

f. designing, manufacturing and/or selling the CNC without a readily accessible emergency stop device to allow the operator to quickly stop the device in the event that the machine point of operation unexpectedly comes in close proximity to the operator or is otherwise in a position that is likely to cause harm or is causing harm to the operator;

g. designing, manufacturing and/or selling the CNC such that it deviated from standard industry design in that it did not include protective gates or pressure sensitive safety mats for the protection of people working in and around the machine;

h. failing to provide adequate instructions and warnings concerning the substantial risk of serious harm that could result during the normal operation of the CNC.

28. As a result of the negligence of Defendant DMS as successor to Motionmaster Inc., Tomas Rivera suffered severe and permanent injuries as set forth more fully above.

**WHEREFORE**, Tomas Rivera requests that judgment be entered in his favor and against Diversified Machine Systems Inc. in an amount in excess of the arbitration limits of this Court together with such interest, cost and fees as the Court may allow.

## COUNT II – STRICT LIABILITY
## TOMAS RIVERA V. DIVERSIFIED MACHINE SYSTEMS INC.

48. Plaintiff incorporates herein by reference the allegations set forth the above paragraphs as though more fully set forth at length.

49. The CNC was designed, manufactured and/or sold by Motionmaster Inc..

50. Defendant DMS is the successor business to Motionmaster Inc.

51. The CNC was designed, manufactured and/or sold in an unreasonably dangerous and defective condition in that it did not include any barrier or sensor to prevent the machine from operating when a person is within reach of the point of operation.

52. The CNC was designed, manufactured and/or sold in an unreasonably dangerous and defective condition in that did not include any warnings or instructions relating to how to set up and/or run the CNC in a manner that would prevent the CNC from operating when a person is in close proximity to the point of operation.

53. The CNC was designed, manufactured and/or sold in an unreasonably dangerous and defective condition, including the following:

    a. it did not include any warnings or instructions that the CNC lacked available safeguards to prevent the CNC from operating when a person is in close proximity to the CNC;

b. it did not include any warnings or instructions concerning the size and shape of the zone of danger wherein an operator may be exposed to hazardous and life-threatening conditions posed by automatically functioning moving mechanical parts and that measures must be taken to prevent the machine from running when an individual is in the danger zone;

c. the CNC lacked a readily accessible emergency stop device to quickly stop the machine in the event that the point of operation unexpectedly comes in close proximity to the operator or is otherwise in a position that is likely to cause harm or is causing harm to the operator;

d. designing, manufacturing and/or selling the CNC such that it deviated from standard industry design and safety features in that it did not include protective gates or pressure sensitive safety mats for the protection of people working in and around the machine;

e. failing to provide adequate instructions and warnings concerning the substantial risk of serious harm that could result during the normal operation of the CNC and the availability of components that could eliminate the risk of serious harm.

54. Tomas Rivera relied upon the Defendant to design, manufacture and/or sell the CNC in a condition that was not defective and unreasonably dangerous and to provide sufficient instructions and warnings to prevent serious injuries from occurring during the operation of the machine as a result of the operator coming into contact with moving parts on the machine.

55. Due to its defective and unreasonably dangerous condition, the CNC was an immediate hazard to persons operating or working in close proximity to the CNC

56. As a direct and proximate result of the defective and dangerous condition of Defendant's product, Tomas Rivera sustained damages as set forth more fully above.

**WHEREFORE**, Tomas Rivera requests that judgment be entered in his favor and against DMS Manufacturing, LLC in an amount in excess of the arbitration limits of this Court and such interest, cost and fees as the Court may allow.

### COUNT III – BREACH OF WARRANTY
### TOMAS RIVERA V. DMS MANUFACTURING LLC

57. Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

58. Motionmaster Inc. expressly and/or impliedly warranted that the CNC was of merchantable quality, fit, safe and in proper condition for the ordinary use for which the product was designed and intended to be used.

59. In using the CNC, Tomas Rivera relied upon Defendant's skill and judgment and implied warranty of merchantability as well as upon the express warranties made by the defendant.

60. The CNC was not of merchantable quality and was unfit and unsafe for the ordinary purposes for which it was intended.

61. By reason of the foregoing, Tomas Rivera suffered damages and losses as described more fully above.

**WHEREFORE**, Tomas Rivera requests that judgment be entered in his favor and against DMS Manufacturing, LLC in an amount in excess of the arbitration limits of this Court and such interest, cost and fees as the Court may allow.

**DEVINE TIMONEY LAW GROUP**

BY: _____
PATRICK C. TIMONEY, ESQUIRE
PA BAR ID: 67020
ATTORNEYS FOR PLAINTIFF
TOMAS RIVERA
600 W. GERMANTOWN PIKE, SUITE 400
PLYMOUTH MEETING, PA 19462
610-400-1970
ptimoney@devinetimoney.com

Dated: January 29, 2019