IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOMAS RIVERA<br>10 KAREN DRIVE<br>MALVERN, PA 19355<br>    Plaintiff<br>v.<br>DIVERSIFIED MACHINE SYSTEMS LLC<br>1068 ELKTON DRIVE<br>COLORADO SPRINGS, CO 80907<br>    Defendant | CASE NO.: 2:19-cv-486<br><br>JURY TRIAL DEMANDED<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff, Tomas Rivera, by and through undersigned counsel, hereby demands judgment against the above-named Defendants, and states as follows by way of complaint:

## PARTIES

1. Plaintiff, Tomas Rivera, is a citizen of the Commonwealth of Pennsylvania, residing at 10 Karen Drive, Malvern, PA 19355 at the time of the filing of this action.

2. At all times relevant hereto, Tomas Rivera was employed by McClarin Plastics LLC., located at 15 Industrial Drive, Hanover, PA 17331.

3. Defendant Diversified Machine, LLC (hereinafter "DMS") is a corporation organized and existing under the laws of the State of Colorado with a principal place of business at 1068 Elkton Drive, Colorado Springs, CO 80907.

4. DMS has appointed, as its registered agent authorized to accept service of legal documents, Corporation Service Company, Littleton Colorado.

5. DMS designs, manufactures, and sells three axis and five axis CNC routers and machining centers which it offers for sale and/or distributes throughout the United States, including to businesses located in the Commonwealth of Pennsylvania.

6. DMS is the successor corporation to a Texas Corporation, Diversified Machine Systems Inc., a Colorado Corporation, Diversified Machines Systems Inc, and a Colorado Corporation Pinedale Industries, Inc.

7. DMS, the present-day successor in interest to Motionmaster Inc, a California Corporation that was dissolved on or about December 12, 2006.

8. At or about the time of its dissolution in 2006, substantially all of the assets, business operations, product know-how, website, customer lists and key employees of Motionmaster Inc. were transferred to Diversified Machine Systems, Inc in Texas, and subsequently to Diversified Machine Systems, Inc. in Colorado and then merged into Pinedale Industries Inc. in Colorado and ultimately were transferred to DMS in or about December of 2007.

9. Patrick Bollar was an officer/or principal and key employee of Motionmaster Inc.

10. Patrick Bollar was an officer/or principal, key employee and founder of Diversified Machine Systems, Inc. in Texas.

11. Patrick Bollar was an officer/or principal and key employee and founder of, Diversified Machine Systems, Inc. in California.

12. Patrick Bollar was an officer/or principal and key employee and founder of, Pinedale Industries Inc. in Colorado.

13. Patrick Bollar is an officer/or principal and key employee and founder of DMS.

14. At of about the time of its dissolution in 2006 the product lines previously manufactured and/or sold by Motionmaster Inc. were transferred to Diversified Machine Systems, Inc. in Texas and ultimately to defendant DMS.

15. From that time that Motionmaster Inc. ceased business operations through the date that this action was initiated, Diversified Machine Systems, Inc in Texas, and ultimately DMS continue to actively maintain and operate the Motionmaster webpage at the web address "motionmaster.com."

16. From that time that Motionmaster Inc. ceased business operations through to the date of initiation of this action, Diversified Machine Systems, Inc. in Texas, then Diversified Machine Systems Inc. in California and ultimately, DMS have represented and continue to represent to former Motionmaster Inc. customers and to the public that Diversified Machine Systems is "the official service provider for Motionmaser machines."

17. DMS, by and through it employees has represented to Motiomaster machine owners and to potential customers that the DMS product line is the successor to the Motionmaster Inc. product line.

18. Motionmaster Inc. designed, manufactured and sold the subject 5 axis single table CNC machine (hereinafter "the CNC") that caused injuries to the Plaintiff, Tomas Rivera with the intention that the CNC would be used in Pennsylvania by companies located in Pennsylvania.

## JURISDICTION AND VENUE

19. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

20. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the Eastern District of Pennsylvania is a where defendant DMS is subject to personal jurisdiction.

## FACTS

21. On April 23, 2018, at the request of his employer, McClarin Plastics LLC, (hereinafter "McClarin") Tomas Rivera was the assigned operator of the CNC machine at the McClarin plant located at 15 Industrial Drive, Hanover, PA 17331.

22. At the time of the incident, Tomas Rivera was standing in close proximity to the CNC when suddenly and unexpectedly he was struck in the head by the rotating bit on the head of the CNC.

23. As a result of the foregoing incident, Tomas Rivera sustained severe and permanent injuries, including but not limited to a holohemispheric subdural hematoma, left skull fracture with midline shift and penetrating traumatic brain injury.

24. As a result of the foregoing incident, Tomas Rivera has incurred medical bills in excess of $500,000 and Tomas Rivera and will continue to incur additional medical bills for the foreseeable future.

25. As a result of the foregoing incident, Tomas Rivera is disabled from work, has sustained lost wages and a loss of future earning capacity.

26. As a result of the foregoing incident, Tomas Rivera has endured extreme pain, mental anguish, suffering and humiliation and will likely continue to experience pain, suffering, mental anguish and humiliation in the future.

27. As a result of the foregoing incident, Tomas Rivera has suffered memory and speech deficits which are likely to be permanent.

28. As a result of the foregoing incident, Tomas Rivera has suffered permanent scarring on his head.

29. As a result of the foregoing incident, Tomas Rivera has suffered a loss of life's enjoyment and a loss of the ability to live independently and he will continue to suffer loss of life's enjoyment and will require assistance in completing basic activities of daily living for the foreseeable future.

### COUNT I – NEGLIGENCE
### TOMAS RIVERA V. DIVERSIFIED MACHINE SYSTEMS INC.

30. Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

31. The incident described above was caused solely by the negligent and careless acts of DMS as the successor of Motionmaster Inc., including, but not limited to the following:

   a. failing to design, manufacture and/or sell the CNC in a manner that would allow it to be operated safely during its normal and/or anticipated use and operation;

   b. designing, manufacturing and/or selling the CNC without any barrier or sensor to prevent the machine from operating when a person is within reach of the point of operation;

   c. designing, manufacturing and/or selling the CNC without warnings and instructions concerning how to safely set up and run the machine to prevent the CNC from operating when a person is in close proximity to the point of operation;

   d. designing manufacturing and/or selling the CNC without warnings and instructions concerning the size and shape and location of the zone of danger wherein an operator may be exposed to hazardous and life-threatening conditions posed by automatically functioning moving mechanical parts and that measures must be taken to prevent the machine from running when an individual is in the danger zone;

e. designing manufacturing and/or selling the CNC without warnings and instructions that the CNC lacked available safeguards to prevent the CNC from operating when a person is in close proximity to the CNC point of operation;

f. designing, manufacturing and/or selling the CNC without a readily accessible emergency stop device to allow the operator to quickly stop the device in the event that the machine point of operation unexpectedly comes in close proximity to the operator or is otherwise in a position that is likely to cause harm or is causing harm to the operator;

g. designing, manufacturing and/or selling the CNC such that it deviated from standard industry design in that it did not include protective gates or pressure sensitive safety mats for the protection of people working in and around the machine;

h. failing to provide adequate instructions and warnings concerning the substantial risk of serious harm that could result during the normal operation of the CNC.

32. As a result of the negligence of Defendant DMS as successor to Motionmaster Inc., Tomas Rivera suffered severe and permanent injuries as set forth more fully above.

**WHEREFORE**, Tomas Rivera requests that judgment be entered in his favor and against Diversified Machine Systems Inc. in an amount in excess of the arbitration limits of this Court together with such interest, cost and fees as the Court may allow.

### COUNT II – STRICT LIABILITY
### TOMAS RIVERA V. DIVERSIFIED MACHINE SYSTEMS INC.

33. Plaintiff incorporates herein by reference the allegations set forth the above paragraphs as though more fully set forth at length.

34. The CNC was designed, manufactured and/or sold by Motionmaster Inc.

35. Defendant DMS is the current successor business to Motionmaster Inc.

36. Defendant DMS is the current successor to the Motionmaster 3 axis and 5 axis CNC product lines.

37. The CNC was designed, manufactured and/or sold in an unreasonably dangerous and defective condition in that it did not include any barrier or sensor to prevent the machine from operating when a person is within reach of the point of operation.

38. The CNC was designed, manufactured and/or sold in an unreasonably dangerous and defective condition in that did not include any warnings or instructions relating to how to set up and/or run the CNC in a manner that would prevent the CNC from operating when a person is in close proximity to the point of operation.

39. The CNC was designed, manufactured and/or sold in an unreasonably dangerous and defective condition, including the following:

   a. it did not include any warnings or instructions that the CNC lacked available safeguards to prevent the CNC from operating when a person is in close proximity to the CNC;

   b. it did not include any warnings or instructions concerning the size and shape of the zone of danger wherein an operator may be exposed to hazardous and life-threatening conditions posed by automatically functioning moving mechanical parts and that measures must be taken to prevent the machine from running when an individual is in the danger zone;

   c. the CNC lacked a readily accessible emergency stop device to quickly stop the machine in the event that the point of operation unexpectedly comes in close

proximity to the operator or is otherwise in a position that is likely to cause harm or is causing harm to the operator;

d. the CNC was designed, manufactured and sold such that it deviated from standard industry design and safety features in that it did not include protective gates or pressure sensitive safety mats for the protection of people working in and around the machine;

e. the CNC failed to provide adequate instructions and warnings concerning the substantial risk of serious harm that could result during the normal operation of the CNC and the availability of components that could eliminate the risk of serious harm.

40. Tomas Rivera relied upon Motionmaster Inc. to design, manufacture and/or sell the CNC in a condition that was not defective and unreasonably dangerous and to provide sufficient instructions and warnings to prevent serious injuries from occurring during the operation of the machine as a result of the operator coming into contact with moving parts on the machine.

41. Due to its defective and unreasonably dangerous condition, the CNC was an immediate hazard to persons operating or working in close proximity to the CNC.

42. As a direct and proximate result of the defective and dangerous condition of Defendant's product, Tomas Rivera sustained damages as set forth more fully above.

**WHEREFORE**, Tomas Rivera requests that judgment be entered in his favor and against DMS Manufacturing, LLC in an amount in excess of the arbitration limits of this Court and such interest, cost and fees as the Court may allow.

## COUNT III – BREACH OF WARRANTY
## TOMAS RIVERA V. DMS MANUFACTURING LLC

43. Plaintiff incorporates herein by reference the allegations set forth in the above paragraphs as though more fully set forth at length.

44. Motionmaster Inc. expressly and/or impliedly warranted that the CNC was of merchantable quality, fit, safe and in proper condition for the ordinary use for which the product was designed and intended to be used.

45. In using the CNC, Tomas Rivera relied upon Defendant's skill and judgment and implied warranty of merchantability as well as upon the express warranties made by the defendant.

46. The CNC was not of merchantable quality and was unfit and unsafe for the ordinary purposes for which it was intended.

47. By reason of the foregoing, Tomas Rivera suffered damages and losses as described more fully above.

**WHEREFORE**, Tomas Rivera requests that judgment be entered in his favor and against DMS Manufacturing, LLC in an amount in excess of the arbitration limits of this Court and such interest, cost and fees as the Court may allow.

DEVINE TIMONEY LAW GROUP

BY: _____
PATRICK C. TIMONEY, ESQUIRE
PA BAR ID: 67020
ATTORNEYS FOR PLAINTIFF
TOMAS RIVERA
600 W. GERMANTOWN PIKE, SUITE 400
PLYMOUTH MEETING, PA 19462
610-400-1970
ptimoney@devinetimoney.com

Dated: March 5, 2019